THIRD DISTRICT—OCTOBER, 1913.    207

Swango v. Cleveland, C., C. and St. L. Ry. Co., 184 Ill. App. 207.

## Clarence Swango, Appellee, v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1913.    Reversed with finding of fact. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Clarence Swango against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to recover damages for the injury to plaintiff's horses which had escaped through a gate at a farm crossing upon defendant's right of way and were struck by defendant's locomotive and train. From a judgment in favor of plaintiff for six hundred and ninety dollars, defendant appeals.

GEORGE B. GILLESPIE, for appellant; R. J. CAREY, SHEPHERD & TROGDON and GILLESPIE & FITZGERALD, of counsel.

F. E. SHOPP, for appellee; F. C. VAN SELLAR, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

### Abstract of the Decision.

RAILROADS, § 874*—*when evidence insufficient to show a defective gate at farm crossing.* In an action against a railroad company for damages occasioned by the killing of plaintiff's stock alleged to have escaped upon defendant's right of way by reason of a defective gate constructed by defendant at a farm crossing, evidence *held* insufficient to sustain a verdict for plaintiff, it appearing that the gate was open when the stock escaped, that the gate was of the

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

usual pattern of sliding gates, made of good material and of sufficient height, and that the only objection to the gate was that it was lower at the "hinge" end than the other so that it could easily slide back and might be opened on account of wind or by horses rubbing against it, there being no evidence to show that the gate was thus opened but there was evidence to show that it had not been thus opened for a period of five years.

## Fannie Coulter, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

1. RAILROADS, § 641*—*when liable for death of street car conductor resulting from backing trains at crossing.* In an action against a railroad company to recover damages for the death of a street car conductor at a railroad crossing caused by a street car being struck by an approaching train of cars being switched by defendant while the conductor had gone upon the railroad tracks to flag the crossing, the declaration alleging that defendant was negligent in backing a string of cars without lights on the hindmost car, in not providing such car with sufficient brakes in the care of a brakeman and in backing such train at a dangerous rate of speed, *held* that a verdict in favor of plaintiff would be sustained upon remittitur.

2. RAILROADS, § 752*—*when due care on part of street car conductor in leaving street car to flag railroad crossing question for jury.* In an action against a railroad company for the death of a street car conductor caused by a street car being struck by an approaching train of cars being switched by defendant at a railroad crossing, when street car conductor had gone upon the tracks to flag the crossing, *held* that the question of due care upon the part of the conductor was a question for the jury.

3. DEATH, § 71*—*when due care on the part of deceased becomes a question of law.* In an action for death, the question of due care on the part of the deceased becomes a question of law only where there is no conflict in the evidence, and the evidence is such that the minds of all reasonable men must arrive at but one conclusion.

4. RAILROADS, § 651*—*when failure of street car conductor to discover approaching train at railroad crossing not negligence*

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.